IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN WILLIAMS, | : |
| | : Civil Action No. 2:22-cv-00394 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS and QUEHANNA BOOT CAMP, | : |
| | : |
| Defendants. | : |

**CORRECTIONS DEFENDANTS' BRIEF IN SUPPORT OF
MOTION IN LIMINE PRECLUDING DAMAGES**

Pursuant to this Court's Pre-Trial Order of January 19, 2022, (ECF No. 98), the Corrections Defendants respectfully move this Court in *limine* to preclude Plaintiff from recovery of punitive or compensatory damages at trial, stating as follows:

I.   Plaintiff Cannot Recover Punitive Damages

The Supreme Court has held that punitive damages *may not be awarded* in private suits brought under Title II of the ADA and § 504 of the Rehabilitation Act. Barnes v. Gorman, 536 U.S. 181, 189–90 (2002)(finding only compensatory damages permissible under Title II of the ADA and Section 504 of the RA). The Third Circuit has reiterated this holding. Kowalski v. Postmaster Gen. of United States, 811 F. App'x 733, 737 (3d Cir. 2020)( "punitive damages ... may not be awarded in suits brought under ... § 504 of the Rehabilitation Act")(citing Barnes v. Gorman).

There will be no evidence at trial that any action of the Defendants rose to the level of evil motive or reckless indifference necessary to qualify for punitive damages but, more pointedly, punitive damages are expressly prohibited by binding federal case law. There are no Section 1983

1

claims remaining for trial, only claims under the ADA and RA. The Corrections Defendants respectfully request that the Proposed Order be entered precluding Plaintiff from recovering any punitive damages at trial.

    II.     Plaintiff Cannot Recover Compensatory Damages

Plaintiff cannot recover compensatory damages at trial because he cannot satisfy the deliberate indifference standard necessary under the at-issue statutes, because he has not adduced evidence abrogating the Corrections Defendants' sovereign immunity, and because he is prohibited from doing so under the Prison Litigation Reform Act ("PLRA"); furthermore, he fails to identify or calculate any damages upon which to be granted relief.

        a.    Plaintiff Cannot Satisfy the Requisite Intentional Discrimination Deliberate Indifference Standard

The Third Circuit has held that claims for compensatory damages[1] under the Rehabilitation Act ("RA") and the Americans with Disabilities Act ("ADA") require a finding of intentional discrimination. S.H. ex rel. Durrell v. Lower Merion Sch. Dist., 729 F.3d 248 (3d Cir. 2013). To satisfy the deliberate indifference standard for establishing intentional discrimination under the Rehabilitation Act and the ADA, plaintiff must present evidence that shows both: (1) knowledge that a federally protected right is substantially likely to be violated, and (2) failure to act despite that knowledge. Id., D.E. v. Cent. Dauphin Sch. Dist., 765 F.3d 260 (3d Cir. 2014), see also Chambers v. Sch. Dist. of Philadelphia Bd. of Educ., 537 F. App'x 90, 96 (3d Cir. 2013)(upholding finding that intentional discrimination must be proven to satisfy a claim for compensatory damages under § 504 of the RA and § 202 of the ADA.") and K.K. v. N. Allegheny

---

[1] The statutory cap on compensatory damages recoverable under the ADA is $300,000.00. .42 U.S.C.A. § 1981a (West). As such even if he could recover compensatory damages, he could not do so in excess of that statutorily restricted amount on the ADA claim.

Sch. Dist., No. CV14-218, 2017 WL 2780582, at *17 (W.D. Pa. June 27, 2017)(denying a Plaintiff's claim for compensatory damages under the RA and ADA where defendant's conduct could be deemed attributable to "negligence or bureaucratic inaction.").

The Third Circuit recently reiterated that the "[t]he definition of deliberate indifference in the RA and the ADA context is consistent with our standard of deliberate indifference in the context of § 1983 suits by prison inmates," finding that a plaintiff could not recover compensatory damages under the RA or ADA where his Eighth Amendment claims had been deemed not to meet the deliberate indifference standard. Matthews v. Pennsylvania Dep't of Corr., 827 F. App'x 184, 188 (3d Cir. 2020). Here, all of Plaintiff's constitutional claims have been dismissed. Plaintiff's pretrial statement does not include any material facts supporting that the Defendants acted towards him with deliberate indifference. At trial, he will be unable to demonstrate that any defendant intentionally discriminated against him and thus must be precluded from recovering compensatory damages.

      b. <u>Plaintiff Cannot Present Factual Evidence Necessary to Abrogate the Defendant's Sovereign Immunity</u>

Insofar as the conduct in question actually violates the constitution, Title II of the ADA abrogates state sovereign immunity and plaintiffs may seek monetary damages against the State. U.S. v. Georgia, 546 U.S. 151, 159 (2006). This Court used a three-step analysis:

> (1) identify which aspects of the State's alleged conduct violated Title II; (2) identify to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, determine whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 553 (3d Cir. 2007). Where a claim does not violate the Fourteenth Amendment but purports to violate Title II of the ADA, the court must determine whether there is "'a congruence and proportionality between the injury to be prevented

or remedied and the means adopted to that end.'" Tennessee v. Lane, 541 U.S. 509, 520 (2004)(internal citations omitted).

At the Summary Judgment stage, this Court found that based on the evidentiary record, Plaintiff could present evidence necessary for the above-outlined Bowers analysis. Plaintiff is now limited to the parameters of his Pretrial Statement and may not present any evidence at trial that is not identified within the Pretrial Statement (other than for impeachment purposes). As the Western District Court has previously held: "Under the pretrial rules of this court after all discovery is closed the parties must file a pretrial narrative statement and a pretrial stipulation covering all of the issues, evidence, witnesses, exhibits, itemization and damages which will be presented at trial, and **by which they are limited and bound.**" Dowling v. J. C. Penney Co., 300 F. Supp. 307, 308 (W.D. Pa. 1969)(emphasis added), see also LaGatta v. Pennsylvania Cyber Charter Sch., No. CIV.A. 08-1268, 2011 WL 3957294, at *5 FN3 (W.D. Pa. Sept. 7, 2011)(noting that Plaintiff could not use evidence at trial not identified in her Pre-Trial Statement).

Plaintiff's Pre-Trial Statement does not set forth sufficient factual evidence to support any claim. As such, sovereign immunity bars Plaintiff's claims for monetary damages under the ADA and, as it is well settled that the two statues are interpreted the same in this regard, under the RA as well.

    c. The PLRA Prohibits Recovery of Damages Without an Actual Injury

Though Plaintiff filed this suit after his release from incarceration, his claims undeniably relate to prison conditions and are therefore governed by the PLRA[2], which requires an actual physical injury to permit an award of compensatory damages. The PLRA states:

No Federal civil action may be brought by a prisoner confined in a jail, prison, or

---

[2] As the PLRA also prohibits award of attorney's fees, Plaintiff cannot recovery attorney's fees at trial. 42 U.S.C.A. § 1997e (West)

4

> other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.

42 U.S.C.A. § 1997e (West), see also Hubert v. Wetzel, CV 18-354, 2018 WL 4828470, at *6 (W.D. Pa. Oct. 4, 2018)(barring compensatory damages under the PLRA where corrections defendants' actions exacerbated the inmate's mental illness) and Love v. Whitman, No. 2:15-CV-01712-CRE, 2019 WL 4597585, at *8 (W.D. Pa. Sept. 23, 2019)(applying the PLRA's prohibition of compensatory damages without physical injury to litigation filed after inmate's release from incarceration),

Since Plaintiff does not assert any physical injury, he cannot recover damages for any mental or emotional injury.

    d. <u>Plaintiff Fails to Comply with Local Rule and Does Not Identify Damages</u>

LCvR 16.1.C.1(b) requires that Plaintiff's pretrial statement include "a statement of all damages claimed, including the amount and the method of calculation of all economic damages." Plaintiff has failed to delineate any specific damages, much less enumerate damages. As such, he must be precluded from receiving compensatory damages at trial.

    i. <u>Medical Care</u>

Plaintiff's Pretrial Statement states that he will establish compensatory damages for medical care without any further specificity. The record is clear that Plaintiff was provided with medical care during his incarceration, for which he does not owe any bills. Nothing in the record suggests that Plaintiff required medical treatment after his incarceration at SCI-Quehanna in connection with his at-issue claims, and Plaintiff does not identify as exhibits medical records or medical bills.  Plaintiff may not recover compensatory damages in connection with medical care at trial.

ii. Commissary Expenses

Plaintiff's Pretrial Statement states that he will establish compensatory damages for commissary expenses, again without any further specificity. Plaintiff does not identify any documents regarding commissary purchases or expenditures. But, more to the point, his Pretrial Statement also asserts that he was *not provided with commissary access* during the at-issue period. (ECF 102, page 2). If Plaintiff maintains that he could not access commissary, he may not at the same time assert that he incurred compensable costs in connection with patronizing commissary. In either case, he cannot recover commissary expenses at trial under the remaining claims at issue.

iii. Denial of Benefits Associated with Participation in SIP Program

Plaintiff's Pretrial Statement makes the vague assertion that he can collect damages for "denial of benefit associated with participation in SIP Program." Plaintiff does not identify what benefits he was denied or provide any possible method of calculating resultant damages. Plaintiff's at-issue claims are limited to his participation in meals during his stay at SCI-Quehanna. Plaintiff cannot present any evidence connecting discrimination on the basis of his alleged disability to the termination of his participation in the SIP Program. Plaintiff's Pretrial Statement labels his expulsion "retaliatory," but there is no retaliation claim for trial, solely discrimination. Plaintiff cannot recovery any compensatory damages in connection with his expulsion from the SIP Program.

The Corrections Defendants respectfully request that the Proposed Order be entered precluding Plaintiff from recovering any compensatory damages at trial.

WHEREFORE, the Corrections Defendants respectfully request that this Honorable Court grant the instant Motion and enter the Proposed Order of Court Precluding Plaintiff from Recovering Compensatory or Punitive Damages at trial.

                                          Respectfully submitted,

                                          JOSH SHAPIRO
                                          Attorney General

                                  By:    */s/ Sarah J. Simkin*
                                          SARAH J. SIMKIN
Office of Attorney General                Deputy Attorney General
1251 Waterfront Place                      Attorney I.D. 320646
Mezzanine Level
Pittsburgh, PA 15224

                                          JUSTIN A. GAYLE
Date: March 11, 2022                     Deputy Attorney General
                                          Attorney I.D. 327119
                                          *Counsel for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN WILLIAMS, : | |
| : | Civil Action No. 2:22-cv-00394 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| PENNSYLVANIA DEPARTMENT OF : | |
| CORRECTIONS and QUEHANNA BOOT : | |
| CAMP, : | |
| : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **BRIEF IN SUPPORT OF MOTION IN LIMINE PRECLUDING DAMAGES** was filed with the Clerk of Court using the CM/ECF system and thereby becoming immediately available to all CM/ECF participants.

/s/ Sarah J. Simkin
Sarah J. Simkin
Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
1251 Waterfront Pl
Mezzanine Level
Pittsburgh, PA  15222

Date: March 11, 2022