IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN WILLIAMS, : | |
| : | Civil Action No. 2:22-cv-00394 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| PENNSYLVANIA DEPARTMENT OF : | |
| CORRECTIONS and QUEHANNA BOOT : | |
| CAMP, : | |
| : | |
| Defendants. : | |

**CORRECTIONS DEFENDANTS BRIEF IN OPPOSITION TO
PLAINTIF'FS MOTION IN LIMINE TO EXCLUDE EVIDENCE
OF PLAINTIFF'S PAST DRUG AND ALCOHOL USE**

AND NOW, come the Corrections Defendants, through their counsel, Sarah J. Simkin, Deputy Attorney General, and Justin A. Gayle, Deputy Attorney General, and submit the following Response Brief in Opposition to Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Past Drug and Alcohol Use:

On March 11, 2022, Plaintiff filed a Motion for Miscellaneous Pre-Trial Relief. (ECF 106). By Text Order on March 14, 2022, the Court ordered Corrections Defendants to file a response to one section of Plaintiff's motion (the request to permit depositions for use at trial of medical witnesses) by March 17, 2022. (ECF 107). The Corrections Defendants filed their Response in Opposition on March 16, 2022. (ECF 108). The March 14, 2022 Text Order also Ordered Corrections Defendants to respond to the section of Plaintiff's motion seeking to exclude evidence of Plaintiff's past drug and alcohol use. Corrections Defendants respectfully submit this brief as that Response.

On July 26, 2017, Plaintiff tested positive for both alcohol and cocaine. (ECF 81 ¶47, ECF 89 page 5). Subsequently, on September 14, 2017, Plaintiff arrived at SCI-Quehanna for a State

Intermediate Punishment ("SIP") reassessment. (ECF 81 ¶50, ECF 89 page 3). This began the timeframe which is at issue for trial, as the claims for trial are limited to Plaintiff's second incarceration at SCI-Quehanna from September 14, 2017 to September 26, 2017.

As Plaintiff concedes in his motion, a trial court should exclude evidence on a motion in limine *only* when the evidence is *clearly inadmissible on all potential grounds* to ensure that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence. *Walsh v. Fusion Japanese Steakhouse, Inc.*, No. 2:19-CV-00496-CCW, 2022 WL 395253 (W.D. Pa. Feb. 9, 2022)(internal citation omitted and emphasis added). Plaintiff's only justification given for why the evidence should be excluded is that "the probative value of such confusing or irrelevant evidence, does not outweigh its prejudicial effect nor is the same relevant to the remainder of the claims presently before this tribunal." (ECF 106 ¶11).

Under Rule 403, the danger of "unfair" prejudice must "substantially outweigh" its probative value. Fed.R.Evid.403. It does not apply just to evidence that is merely "detrimental to a party's case." *See Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir.1980) (noting that Rule 403 "does not offer protection against evidence that is merely prejudicial, in the sense of being detrimental to a party's case"). Courts in this Circuit have noted that Rule 403 should be used only "sparingly." *Waters v. Genesis Health Ventures, Inc.*, 2005 WL 1244922, at *3 (E.D. Pa. May 25, 2005) (citing *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992)).

Since Plaintiff's failed drug and breathalyzer tests occurred before the relevant time period and do not impact the at-issue Americans with Disabilities or Rehabilitation Act claims, the Corrections Defendants do not anticipate presenting any evidence or eliciting testimony regarding them during their case in chief. The Corrections Defendants' Pretrial statement does not evince any intent to introduce such evidence. (ECF 108). However, to the extent Plaintiff seeks to

introduce any evidence related to his expulsion from the SIP program, he opens the door to the evidence he seeks to exclude as it is the necessary rebuttal to any argument that his expulsion was in any way connected to his asserted disability.

Plaintiff's operative Pretrial Statement[1] was docketed at Case No.: 19-cv-00101 on March 4, 2022 at ECF 103. It states: "Evidence and testimony will be presented for damages for denial of the benefits associated with participation in SIP Program." (ECF 103, page 4). The evidentiary record does not support the assertion that Plaintiff's 'denial' of participation in the SIP Program is at all connected to the at-issue claims[2]. Plaintiff's expulsion from SIP was due to his refusal to engage with treatment, not due to any issues regarding food (ECF 81 ¶55). Plaintiff's failure to engage with treatment consisted of both refusal to complete the SIP reassessment package and his continued abuse of drugs and alcohol. (ECF 81 ¶¶52-53, 47-49).

Seeing as Plaintiff has hopes to admit into evidence documents related to both his treatment and his expulsion from SIP, the documents that include drug testing results are not clearly inadmissible on all grounds. Although Plaintiff may hope to exclude evidence that is detrimental

---

[1] Without leave of Court, Plaintiff attached an Amended Pretrial Statement to his Response in opposition to the Corrections Defendants' Motion in Limine Precluding Damages. (ECF 111-1). The Court has not docketed this filing as a Pretrial statement and as such undersigned counsel do not understand it to be Plaintiff's operative statement. However, to the extent this document is accepted by the Court, it contains an identical statement regarding denial of participation in the SIP program (ECF 111-1, page 3). Furthermore, Plaintiff identifies as Exhibit 2 Plaintiff's prison records, including "Expulsion Materials including reasons individuals are expelled from SIP." (ECF 111-1, page 6). Use of drugs and alcohol are a reason for expulsion from SIP. Plaintiff also identifies as Exhibit 5 "Prison Drug & Alcohol Treatment Records" which include the failed drug tests. (ECF 111-1, page 6). The failed drug tests are also discussed in the testimony and exhibits attached to several of the eight depositions Plaintiff lists as exhibits 6 through 13 (ECF 111-1, page 6).
[2] In Footnote 7 of the Court's Opinion of the Motions for Summary Judgment, the Court held that "…a claim related to the length of Williams' confinement is not cognizable in this federal civil rights action…" (ECF 89, page 12). Thus to the extent Plaintiff seeks to recover damages for denial of the benefits associated with participation in SIP Program on the basis of the length of his confinement, he may not do so.

to his case, that is not the standard for Rule 403. On the whole, Plaintiff should be limited to introducing evidence from the relevant time period: September 14-26, 2017 while Plaintiff was incarcerated at SCI-Quehanna. But should he attempt to introduce testimony or evidence that suggests he was expelled from SIP for reasons other than his non-compliance, then Corrections Defendants must be allowed to introduce rebuttal evidence.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Past Drug and Alcohol Use.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

/s/ Sarah J. Simkin
SARAH J. SIMKIN
Deputy Attorney General
PA ID 320646

Justin A. Gayle
Deputy Attorney General
PA ID 327119

OFFICE OF ATTORNEY GENERAL
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
March 24, 2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN WILLIAMS, : | |
| : | Civil Action No. 2:22-cv-00394 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| PENNSYLVANIA DEPARTMENT OF : | |
| CORRECTIONS and QUEHANNA BOOT : | |
| CAMP, : | |
| : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE** was filed with the Clerk of Court using the CM/ECF system and thereby becoming immediately available to all CM/ECF participants.

Office of Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15224

Date: March 24, 2022

*/s/ Sarah J. Simkin*
SARAH J. SIMKIN
Deputy Attorney General
Attorney I.D. 320646