IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PENNSYLVANIA DEPARTMENT OF )<br>CORRECTIONS and QUEHANNA BOOT )<br>CAMP, )<br>)<br>Defendants. ) | Civil Action No. 2:22-cv-394<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 104 |

## MEMORANDUM ORDER

Plaintiff John Williams ("Williams") initiated this counseled civil rights action alleging claims arising from the conditions of his confinement at Quehanna Boot Camp ("Quehanna") and his expulsion from the Pennsylvania State Intermediate Punishment program ("SIP program"). ECF No. 1. After this Court resolved motions for summary judgment filed on behalf of all defendants, the claims remaining for trial are limited to those against Defendants Pennsylvania Department of Corrections ("DOC") and Quehanna (collectively, "DOC") for the alleged violation of Williams' rights under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) ("RA"), and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 ("ADA"), for failing to accommodate a disability arising from dietary limitations after gastric bypass surgery. ECF Nos. 89 and 90.

Pending now before the Court is the DOC's motion in limine to preclude the presentation of evidence at trial of damages allegedly sustained by Williams. ECF No. 104. Williams has filed his response, ECF No. 111, and the motion is ripe for disposition. For the following reasons, the motion in limine is granted in part and denied in part.

1

I.      **LEGAL STANDARD**

The DOC asserts several grounds for relief that seek to revisit issues previously raised, considered, and resolved through its motion for summary judgment, as well as newly identified substantive issues seeking to bar Williams' recovery.

"It is well settled that [m]otions in limine address evidentiary questions and are inappropriate devices for resolving substantive issues, such as the sufficiency of the evidence to support a claim or defense." Zebley v. Judge, No. CIV.A. 11-6258, 2013 WL 1092688, at *2 (E.D. Pa. Mar. 14, 2013) (quoting Bowers v. Nat'l Collegiate Athletic Ass'n, 563 F. Supp. 2d 508, 532 (D.N.J.2008) (internal quotation marks omitted, alteration in original)). Thus, any issues in the motion in limine that should be properly asserted through a timely Rule 50(a) motion for judgment as a matter of law will be denied without prejudice to be raised at the close of presentation of Williams' case.

As to any remaining issues, a motion in limine is designed "to bar irrelevant, inadmissible, and prejudicial issues from being introduced at trial, thus narrow[ing] the evidentiary issues for trial." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990). However, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." Johnstown Heart & Vascular Ctr., Inc. v. AVR Mgmt., LLC, No. 3:15-CV-22, 2019 WL 3573663, at *3 (W.D. Pa. Aug. 6, 2019).

II.     **DISCUSSION**

   **A. Punitive Damages**

The DOC first seeks an order precluding Plaintiff from recovering punitive damages because binding precedent establishes that such damages are not an available remedy under either Title II of the ADA or under Section 504 of the RA. ECF No. 105 at 1-2. See Barnes v. Gorman,

536 U.S. 181, 189 (2002). Williams responds that punitive damages may be available because intentional discriminatory conduct may establish both an ADA and RA claim and is required to support punitive damages. ECF No. 111 at 6. This substantive issue is not properly before the Court and was not raised in the DOC's motion for summary judgment. The DOC may raise the propriety of an award of punitive damages through a timely Rule 50 motion at trial. Accordingly, the motion in limine challenging the recovery of punitive damages under the ADA and RA is denied without prejudice. That said, counsel are directed not to make reference to punitive damages in either their opening statements or in the questioning of witnesses.

### B. Availability of Compensatory Damages

The DOC next raises three grounds that it claims bar the recovery of compensatory damages: (1) the sufficiency of evidence of intentional discrimination for an ADA or RA claim; (2) sovereign immunity; and (3) the application of the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C.A. § 1997e. ECF No. 105 at 2-5.

The first two issues were previously raised in DOC's motion for summary judgment and brief in support. ECF No. 82 and 83. This Court determined that Williams presented sufficient evidence to raise issues of fact related to DOC's knowledge that, in denying his requested dietary accommodations, "a federally protected right is substantially likely to be violated," and that it failed to act despite that knowledge. This evidence, if believed by the jury, is sufficient to satisfy the ADA and RA requirement of intentional discrimination for recovery. ECF No. 86 at 26 (quoting Furgess v. Pennsylvania Dep't of Corr., 933 F.3d 285, 291 (3d Cir. 2019)). This Court also held that summary judgment was not warranted on sovereign immunity grounds due to issues of fact related to whether DOC failed to provide a nutritionally adequate diet such that Williams' substantive due process rights under the Fourteenth Amendment were violated. ECF No. 86 at 30;

3

see also Lindsey v. O'Connor, 327 F. App'x. 319, 321 (3d Cir. 2009) (denial of food to inmates violates the Constitution where the deprivation is substantial). The pending motion in limine does not provide grounds or a procedural avenue to reconsider the Court's prior rulings.

As to the third issue, the DOC's reliance on the PLRA is equally unavailing at this stage of the litigation. Williams correctly notes that the PLRA does not bar claims or apply to litigation initiated by individuals who are not incarcerated when suit is commenced. ECF No. 111 at 4 (citing Ahmed v. Dragovich, 297 F.3d 201, 210 n.10 (3d Cir. 2002)). However, the Court declines to rule on this substantive issue because the DOC failed to raise it in their motion for summary judgment. In the event the DOC can provide evidence at trial that Williams was incarcerated when this lawsuit was filed, the DOC may raise this issue through a timely Rule 50(a) motion for judgment as a matter of law at the close of Williams' case. Thus, the motion in limine as to recovery of compensatory damages is denied without prejudice.

C. Sufficiency of Evidence of Damages

1. Medical Bills

The DOC contends that Williams cannot recover damages for any medical expenses he relates to the lack of food during his two-week stay at Quehanna Boot Camp in September 2017 for two reasons: first, because there is no evidence connecting the failure to accommodate his disability to a condition requiring medical treatment and, second, because there are no medical bills evidencing treatment identified as exhibits in Williams' pretrial statement. ECF No. 105 at 5. Williams attaches to his response a proposed First Amended Pretrial Statement, setting forth potential medical witnesses who may testify regarding treatment related to the period of incarceration at issue. ECF No. 111-1. In addition, Williams states that invoices and records are being compiled and will be identified as received. Id. Accordingly, the motion in limine related to

4

medical bills is denied without prejudice to permit the development of an appropriate record at trial relating any treatment and expenses to food deprivation during the two weeks at issue.[1]

### 2. Commissary

The DOC next seeks an order precluding recovery of damages for commissary orders that may have been placed by Williams during his incarceration. ECF No. 105 at 6. The DOC points to Williams' testimony that the commissary was unavailable to him for the two-week period at issue. Id. Williams responds that he seeks compensation for all commissary expenses during his incarceration and will provide documentation of each expense. ECF No. 111 at 5. The Court interprets this as a broad claim for recovery of damages for periods of time outside the scope of the claims remaining for trial, and a timely objection on this basis may be lodged at trial. That said, commissary orders placed by Williams during the two-weeks at issue that were unfulfilled because of administrative delays at Quehanna Boot Camp may be relevant to the unavailability of supplemental food. Thus, the Court will deny the motion in limine. Johnstown, No. 3:15-CV-22, 2019 WL 3573663, at *3 (a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds.").

### 3. SIP expulsion

The DOC's final argument in the pending motion relates to Williams' potential claim for damages for his expulsion from Pennsylvania's alternative sentencing program. ECF No. 105 at 6. DOC argues that "Plaintiff cannot present any evidence connecting discrimination on the basis of his alleged disability to the termination of his participation in the SIP Program." Id. Williams responds that he has a cognizable liberty interest in "being free from the bounds of incarceration without any adequate governmental intrusion," and that this right was violated by his expulsion.

---

[1] The Court also defers ruling on whether leave should be granted to file his First Amended Pre-Trial Statement because a motion is not before the Court requesting to do so.

ECF No. 111 at 5. Williams thus appears to relate his expulsion to hunger, and seeks damages for his continued incarceration for the remainder of his original sentence. Id.

This Court previously held that under applicable precedent, Williams has "no protected liberty interest in continued participation in the SIP program or any program component," and further concluded that Williams was provided the process that he was due when he was expelled because of his undisputed program violations arising from continued drug and alcohol use. ECF No. 86 at 12 (citing, *inter alia*, Asquith v. Dep't of Corr., 186 F.3d 409 (3d Cir. 1999); Powell v. Weiss, 757 F.3d 338, 341 (3d Cir. 2014)). Separately, the Court acknowledged that sovereign immunity is waived under the ADA for conduct that otherwise violates the constitution. ECF No. 86 at 28 (citing United States v. Georgia, 546 U.S. 151, 159 (2006)). Thus, Williams may proceed to trial on his ADA and RA claims because, if proven, the DOC's failure to provide a nutritionally adequate diet during the two weeks at issue violates his substantive due process rights under the Fourteenth Amendment. See Lindsey v. O'Connor, 327 F. App'x at 321. That said, Williams has no constitutional right to continued participation in the SIP alternative sentencing program. Therefore, his expulsion may not support a claim for damages under the ADA.

Because there is no cognizable claim for economic losses allegedly incurred by Williams because of his expulsion from the SIP program, the proposed evidence is not relevant to any material fact or issue and is properly excluded. See GN Netcom, Inc. v. Plantronics, Inc., 930 F.3d 76, 85 (3d Cir. 2019) ("evidence is relevant and admissible if it tends to make the existence or nonexistence of a disputed material fact more probable than it would be without that evidence.") (internal quotation marks and citation omitted). Accordingly, the motion in limine is granted as to evidence of economic losses sustained that Williams relates to his continued incarceration after expulsion from Quehanna's alternative sentencing program.

### III. CONCLUSION

For the reasons set forth above, DOC's Motion in Limine is granted in part and denied in part. An appropriate order follows.

### ORDER

Upon consideration of the Motion in Limine filed on behalf of Defendants Department of Corrections and Quehanna Boot Camp, ECF No. 104, and the briefs in support and in opposition thereto, ECF Nos. 105 and 111, and for the reasons set forth herein, IT IS HEREBY ORDERED that the motion is granted in part and denied in part without prejudice as follows.

(1) The Motion in Limine is denied as to Williams' claim for punitive damages.

(2) The Motion in Limine is denied as to Williams' claims for compensatory damages.

(3) The Motion in Limine is denied as to Williams' claims for medical and commissary expenses.

(4) The Motion in Limine is granted as to evidence of economic losses allegedly incurred because of Williams' continued incarceration after expulsion from the SIP alternative sentencing program.

(5) IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order, he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.,

with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

Dated: April 20, 2022                    BY THE COURT:

                                         */s/ Maureen P. Kelly*
                                         MAUREEN P. KELLY
                                         UNITED STATES MAGISTRATE JUDGE


cc: All counsel of record via CM/ECF